

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2003

# USA v. Issa

Precedential or Non-Precedential: Non-Precedential

Docket 01-4142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Issa" (2003). *2003 Decisions.* Paper 570.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/570

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 01-4142
_____

UNITED STATES OF AMERICA

v.

MOHAMMAD ISSA,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 01-cr-00145)
District Judge: Honorable Nicholas H. Politan

_____

Submitted Under Third Circuit LAR 34.1(a)
on March 3, 2003

Before: ROTH, BARRY
and FUENTES, Circuit Judges

(Opinion filed: May 7, 2003)

## O P I N I O N

ROTH, Circuit Judge:

Mohammad Issa pled guilty to one count of unlawful re-entry into the United States in violation of 8 U.S.C. §§ 1326 (a) and 1326 (b)(2). Issa was sentenced to 30 months imprisonment.[1]

Issa's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), expressing his belief that there were no non-frivolous issues presented for our review. As required by *Anders*, counsel directed us to portions of the record that might arguably support an appeal. Also, as required by *Anders*, Issa was given notice of his attorney's desire to withdraw, allowing him the opportunity to raise any issues for appeal in a supplemental *pro se* brief. He failed to do so. Issa's attorney raised one possible ground for appeal: whether the District Court erred in not granting a downward departure pursuant to U.S.S.G. § 5K2.0.

U.S.S.G. § 5K2.0 gives the District Court discretion to sentence outside the recommended guidelines if the court finds there to be an aggravating or mitigating circumstance that the Sentencing Commission may not have taken into consideration

---

[1]At the time this appeal was filed, Issa had approximately 5 days remaining of his imprisonment. At the time of this review, Issa still has approximately 2 years of supervised release remaining. It is not clear from the briefs if Issa is serving this release in the United States or elsewhere. However, it seems that jurisdiction is not a question.

2

when formulating the guidelines. This section also points out that this is a case-by-case determination for the court.

Issa argued to the District Court that his mitigating circumstance was that he had no choice but to board a flight to the United States with his minor sons as they were fleeing violent unrest in Palestine. However, the District Court, under its proper discretion, rejected this argument and denied Issa's U.S.S.G. § 5K2.0 motion to downward depart. We find that the District Court did not abuse its discretion.

For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction, and we will grant counsel's request to withdraw.

_____

TO THE CLERK:

      Please file the foregoing Opinion.

                         By the Court,

                          /s/Jane R. Roth
                          Circuit Judge